```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

```
UNITED STATES OF AMERICA,     )
                              )
     Plaintiff,               )
                              )   Cv. No. 06-2018-Ml/P
vs.                           )   Cr. No. 98-20016-1-Ml
                              )
KIRK STEWART,                 )
                              )
     Defendant.               )
                              )
```

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Defendant Kirk Stewart, Bureau of Prisons inmate registration number 16286-076, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, through counsel, filed a motion pursuant to 28 U.S.C. § 2255 on January 11, 2006.

On February 11, 1998, a federal grand jury returned a three count indictment against Stewart and a codefendant, Laura Stewart. The first count charged both defendants with conspiring to manufacture and possess methamphetamine with the intent to deliver, in violation of 21 U.S.C. § 846. The second count charged both defendants with endangering human life while illegally manufacturing a controlled substance, in violation of 21 U.S.C. § 858. The third count charged both defendants with possession of property used for drug manufacturing, in violation of 21 U.S.C. § 856.

A jury trial commenced on August 3, 1998. On August 10, 1998, the jury returned a verdict finding Kirk Stewart guilty on all three counts. District Judge Jerome Turner conducted a sentencing hearing on December 9, 1998, at which time Kirk Stewart was sentenced to a total of two hundred sixty-two (262) months imprisonment, to be followed by a five-year period of supervised release. Judgment was entered on December 16, 1998.

On December 14, 1998, Kirk Stewart filed a motion seeking a new trial because of newly discovered evidence. Judge Turner denied that motion on January 26, 1999. Kirk Stewart filed a motion for reconsideration on February 5, 1999. Judge Turner conducted an evidentiary hearing on that motion on July 27, 1999, and, on February 14, 2000, denied the motion.

The United States Court of Appeals for the Sixth Circuit affirmed Kirk Stewart's convictions and sentence. United States v. Stewart, et al., 5 Fed. Appx. 402 (6th Cir. Feb. 27, 2001) (per curiam), cert. denied, 534 U.S. 868 (2001).

On January 11, 2006, Kirk Stewart, through counsel, filed a motion pursuant to 28 U.S.C. § 2255 in which he asserts that he is entitled to a new sentencing hearing in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (Jan. 12, 2005).

The first issue to be considered is the timeliness of this motion. Paragraph 6 of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

>    (1)  the date on which the judgment of conviction becomes final;
>
>    (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001). The Supreme Court has held that, for purposes of postconviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). In this case, the running of the limitations period began when the Supreme Court denied Kirk Stewart's petition for a writ of certiorari on October 1, 2001. This motion was filed on January 11, 2006,[1] more than four years since Kirk Stewart's conviction became final. The motion is, therefore, clearly time barred.[2]

---

[1] As the motion was signed and filed electronically by counsel, Kirk Stewart is not entitled to the benefit of Houston v. Lack, 487 U.S. 266 (1988).

[2] Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances. Stewart contends that the third subsection is applicable here, and that the limitations period commenced running on "the date on which the right asserted was initially recognized by the Supreme Court,
(continued...)

It is also necessary to consider whether the limitations period is subject to equitable tolling in this case. In Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling. Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Id. at 1008.[3]

The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500; see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

---

[2] (...continued)
if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In Tyler v. Cain, 533 U.S. 656, 662 (2001), the Supreme Court held that a new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactively applicable to cases on collateral review. As the Supreme Court did not hold that Booker is retroactively applicable to cases on collateral review, the third subsection is inapplicable and, therefore, the limitations period began to run when Stewart's conviction became final.

[3] This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

4

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period. Price v. Jamrog, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[4]

In this case, Stewart makes no argument that he is entitled to equitable tolling. Accordingly, the motion is time barred, and Stewart is not entitled to equitable tolling.

Even if Stewart's motion were timely, his Booker claim would still be subject to dismissal. "As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision." Goode v. United States, 305

---

[4] See also Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

F.3d 378, 383 (6th Cir. 2002); see Schriro v. Summerlin, 542 U.S. 348, 351-58 (2004) (holding that decision in Ring v. Arizona, which held that a sentencing judge in a capital case may not find an aggravating factor necessary for imposition of the death penalty, and that the Sixth Amendment requires that those circumstances be found by a jury, does not apply retroactively to cases on collateral review); Teague v. Lane, 489 U.S. 288 (1989). Applying these standards, the Sixth Circuit has held that Booker issues cannot be raised in an initial motion pursuant to 28 U.S.C. § 2255. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). Accordingly, Stewart's motion, which relies exclusively on Booker, is without merit and is dismissed.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's Motion to Vacate, Set Aside or Correct Sentence is DENIED.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist

>of reason might agree, after the COA has been granted and
>the case has received full consideration, that petitioner
>will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[5]

In this case, the defendant's claim is clearly time barred and not cognizable in a § 2255 motion and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken

---

[5] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

8

in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if movant files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 27th day of February, 2006.

    /s/ Jon P. McCalla
    JON PHIPPS McCALLA
    UNITED STATES DISTRICT JUDGE